FILED
SUPERIOR COURT
OF GUAM

2025 APR 21 PM 3: 14

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KAMLESH K. HEMLANI, individually and derivatively and in the name of and on behalf of RADHI PURAN TRUST,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWARP HEMLANI, VINOD I. & YOGITA V. HEMLANI, RADHI P. HEMLANI ESTATE, PARAMANAND MELWANI ESTATE, RADHI'S FOUNDATION, RADHI PURAN TRUST, RADHI FAMILY TRUST, PACIFIC RAINBOW, INC., SAFETY 1st SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, and DOES 1-95,<br><br>Defendants. | CIVIL CASE NO. CV1527-13<br><br><br>DECISION AND ORDER ON DEFENDANTS' MOTION FOR RELEASE OF APPEAL BOND TO THE RADHI HEMLANI FAMILY TRUST |

This matter came before the Honorable John C. Terlaje on March 18, 2025, for a Hearing

on Defendant Radhi Puran Foundation's ("Defendants") Motion for Release of Appeal Bond to

the Radhi Hemlani Family Trust ("Family Trust"). Present was Attorney Thomas M. Tarpley Jr. on behalf of Plaintiff, and Attorney Bill R. Mann on behalf of Defendants. After reviewing the record, relevant law, and arguments from the parties the Court finds that the appeal bond should be released to the Family Trust, but should be immediately placed with the net rental proceeds in the care of Chris Felix at Century 21. The Court also finds that an appeal bond is not necessary for the currently pending Kamlesh III appeal. The Motion for Release of Appeal Bond to the Radhi Hemlani Family Trust is therefore **GRANTED**.

## PROCEDURAL and FACTUAL BACKGROUND

1. Plaintiff's claim in this case originated in CV0758-12, where Defendant sought a declaration of the Court that Radhi Hemlani—settlor and trustee of Radhi Puran Trust—was incapacitated; Plaintiff also sought the Court remove Radhi Hemlani as trustee and name Plaintiff as trustee. Verified Compl. (June 25, 2012).

2. On July 10, 2013, Presiding Judge Lamorena issued a decision and order granting Defendant's Motion to Dismiss and ordering CV0758-12 dismissed. Decision & Order on Joint Mot. to Dismiss (July 10, 2013).

3. Presiding Judge Lamorena reasoned that Plaintiff did not have standing because Defendant was still alive and there was no finding of her incompetence. *Id.*

4. On August 13, 2013, Radhi Hemlani died, making the reasons stated for the dismissal moot. Suggestion of Death, Ex. A (Aug. 28, 2013).

5. Plaintiff filed a new complaint, which created case no. CV1527-13, and the case was originally assigned to the Honorable James L. Canto II. Notice of Judge Assignment (Feb. 13, 2014).

6. On July 14, 2015, Judge Canto issued a decision and order granting the Defendants' Motion to Dismiss and ordering CV1527-13 dismissed. Decision & Order (July 14, 2015).

7. Plaintiff appealed, and the Supreme Court of Guam reversed Judge Canto's rulings and remanded the case for further proceedings. *Kamlesh K. Hemlani v. Anita & Manu Melwani*, 2016 Guam 33.

8. On remand, this case was assigned to Presiding Judge Lamorena. Notice of Judge Assignment (Nov. 7, 2017).

9. Presiding Judge Lamorena issued a decision and order granting the Defendants' Motions for Summary Judgment and ordering CV1527-13 dismissed. Decision & Order (June 18, 2018).

10. Presiding Judge Lamorena reasoned that Plaintiff could not bring a lawsuit on behalf of the trust because he did not have permission of at least one other co-trustee. *Id.*

11. Additionally, Plaintiff did not have standing to challenge the MOS and the distributions made therefrom. *Id.*

12. Plaintiff appealed, and as a condition of that appeal, he was required to post an appeal bond. This appeal will be referred to hereinafter as "Kamlesh II."

13. The appeal bond was initially stipulated to be $47,009.76, which was calculated as a percent of the amount of yearly rental proceeds from the Radhi Puran Building, which were being held by Century 21 Realty Management Company ("Century 21") until the building's true ownership, claimed by both the Family Trust and by Plaintiff on behalf of the Radhi Puran Trust, could be determined.

14. The purpose of the appeal bond was to compensate the Family Trust, which would have been entitled to the accumulated rental proceeds and ongoing rental income after the Court dismissed the case, for the delay payment to the Family Trust should the Supreme Court uphold the Superior Court's dismissal of Plaintiff's claim.

15. Plaintiff later added an additional $27,422.36 to the appeal bond to cover the 6-month period between January and August 2020, but did not make any payments after that. The total amount of the appeal bond was therefore $74,432.12.

16. The Supreme Court of Guam affirmed the dismissal for lack of standing against the named estates or trusts, reversed the dismissal for lack of standing against the individual defendants, and remanded the case for further proceedings. *Kamlesh K. Hemlani v. Anita & Manu Melwani*, 2021 Guam 26.

17. On May 31, 2023, the case was assigned to Judge John C. Terlaje. Notice of Judge Assignment (May 31, 2023).

18. On December 30, 2022, the Radhi Hemlani Family Trust ("Family Trust") moved to release the appeal bond to the Family Trust. Motion for Release of Appeal Bond to Radhi Hemlani Family Trust (December 30, 2022).

19. Plaintiff responded to this Motion by filing its Opposition on January 26, 2023, and further requesting that "because the appeal is over, the appeal bond should be released to Plaintiff..." Plaintiff's Opposition to Motion for Release of Appeal Bond to "The Radhi Hemlani Family Trust (January 26, 2023).

20. The Radhi Hemlani Family Trust replied on February 9, 2023, claiming that "Kamlesh no longer has a claim against the Family Trust, and the Family Trust is entitled to the appeal

bond posted by Kamlesh." Reply of the Radhi Hemlani Family Trust to the Plaintiff's Opposition to Motion for Release of Appeal Bond (February 9, 2023).

21. On December 4, 2025, the Court published a decision dismissing Plaintiff Kamlesh's case. Kamlesh filed an appeal to this dismissal on December 11, 2025, which appeal shall be referred to hereinafter as "Kamlesh III."

22. At the Hearing held on February 10, 2025, the Court addressed counsel with four questions based on the parties' filings regarding the appeal bond.

23. Each party filed its responses to the Court's questions on February 24, 2025, and Responses/Oppositions to the other party's filing on March 4, 2025.

24. At the Motion Hearing held on March 18, 2025, the parties gave arguments and brought up an additional issue for the Court to consider regarding whether there should be an appeal bond for the current Kamlesh III appeal.

25. The parties informed the Court that net rental proceeds are still in the care of Chris Felix at Century 21, and that both parties have agreed to nearly all the money being invested. Therefore, these funds are currently earning interest at a rate of 4.3%.

26. Mr. Mann argued that this 4.3% is insufficient and there should still be an appeal bond because the previous appeal bond was set at 6% interest. Mr. Tarpley disagreed, stating that the agreement of 6% only applied to the Kamlesh II appeal, and a bond was not necessary because the money is now being invested, where it was not during the Kamlesh II appeal.

27. The Court took the matter under advisement on March 18, 2025.

## DISCUSSION

Guam Rule of Civil Procedure 62(d) provides that "[w]hen an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal... The stay is effective when the supersedeas bond is approved by the court." A supersedeas bond is designed "to protect the prevailing plaintiff from the risk of a later uncollectible judgment and to compensate for delay in the entry of the final judgment." *J.J. Moving Services, Inc. v. Sanko Bussan (Guam) Co., Ltd.*, 1998 Guam 19 ¶ 39 (citing *N.L.R.B. v. Westphal*, 859, F.2d 818, 819 (9th Cir. 1988)). If the judgment is affirmed or the appeal dismissed, the bond can be used to satisfy the judgment debt. *Id.* Upon the posting of a supersedeas bond in accordance with the

prescribed rules, the appellant may stay the execution of the judgment as a matter of right. *Id.* Rule 62(d) protects the appellant as well as the appellee, because the deposit of a supersedeas bond eliminates the risk of the appellant satisfying satisfy the judgment, winning a reversal on appeal, and finding that restitution is impossible. *Poplar Grove Planting and Refining Co. v. Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979).

There are two issues which the parties have asked that the Court address. First, whether the appeal bond for the Kamlesh II appeal should be paid to the Radhi Hemlani Family Trust, or to the Plaintiff. Second, whether it is necessary for Kamlesh to put up another appeal bond for the Kamlesh III appeal, when the net rental proceeds are now accruing interest, the lack of which was the original concern leading to Kamlesh putting up the bond for the Kamlesh II appeal.

## I. The Appeal Bond is Released to the Radhi Hemlani Family Trust

The Guam Supreme Court has recognized that "a trust is not an entity capable of suing or being sued; the legally correct suit is by or against the trustee." *Hemlani v. Melwani,* 2021 Guam 26 ¶ 37 (quoting *J.L.H. Tr.,* 2016 Guam 24 ¶ 29). Under 18 GCA § 65102, "a voluntary trust is an obligation arising out of a personal confidence in, and voluntarily accepted by, one for the benefit of another." In the decision on this appeal (Kamlesh II), *Hemlani v. Melwani,* 2021 Guam 26, the Guam Supreme Court made clear that the Family Trust should never have been included as a party in this lawsuit to begin with. This presents this Court with the unique issue of determining whether to award an appeal bond to an entity that never should have been a named Plaintiff, and that does not technically "own" the property in question.[1] This Court ultimately

---

[1] See California Civil Code Section 2216. Under California law, since a trust is not a legal entity, it "cannot sue or be sued, hold title to property, own property, or enter into contracts." *See* 60 Cal. Jur. 3d Trusts § 1 (2016).

finds that it agrees with the Family Trust—because Kamlesh's claim against the Family Trust was dismissed on appeal and the bond was created specifically for the benefit of the Family Trust, the appeal bond should be paid out to the Family Trust.

According to the Guam Supreme Court in *J.J. Moving Services*, 1998 Guam 19 ¶ 39, a bond can be used to satisfy a judgment debt when "the judgment is affirmed or the appeal dismissed." Kamlesh's appeal against the Family Trust was dismissed when the Guam Supreme Court dismissed the Family Trust from the case because a trust is not an entity capable of being sued.

In his Opposition to the Release of the Appeal Bond, Kamlesh argues that the Dismissal of the Family Trust from this case is harmless because the Family Trust was a defendant in name only, and the charging allegations found in the Complaint are "directed against Manu, Don and Radhi who held this property as the real parties in interest." Plaintiff's Opposition to Motion for Release of Appeal Bond to the "Radhi Hemlani Family Trust" (January 26, 2023) at p. 5. The issue with this argument arises when this Court considers the discussions which led to Kamlesh posting the appeal bond in the first place. Representatives of the Family Trust have asserted and Kamlesh has not disputed that the appeal bond was posted "only for the benefit of the Family Trust, not any of the other Defendants." Reply of the Radhi Hemlani Family Trust to the Plaintiff's Opposition to Motion for Release of Appeal Bond (February 9, 2023) at p. 3.

It is this Court's understanding that from the beginning, the appeal bond was created to ensure the Family Trust would receive the interest it would have accrued on the rent payments for the building if there had not been a dispute on the profits. The Family Trust was not receiving interest on the net rental proceeds during the pending of this appeal, and Kamlesh no longer has a legal claim against the Family Trust, therefore, the appeal bond, which was designed to

compensate the Family Trust for the lack of interest while the appeal was pending, should go to the Family Trust. This Court agrees with Counsel for the Family Trust that Kamlesh's success against other Defendants should not impact the appeal bond that was provided only for the benefit of the Family Trust.

Recognizing, however, that this litigation and the property dispute at its core is still ongoing, the Court orders that the appeal bond should be released to the Family Trust, but should be placed immediately with the rest of the rental proceeds from the Radhi Puran Building, in the care of Chris Felix at Century 21. Assuming that Kamlesh does not succeed in his current (Kamlesh III) appeal involving some of the Family Trust's trustees, this money will eventually go back to the Family Trust. However, this solution also accounts for a scenario in which Kamlesh is successful on the Kamlesh III appeal, and ensures that the "interest" money from the appeal bond remains in the same pool as the net rental proceeds. In short, if some Court in the future agrees with Kamlesh that the Radhi Puran building belongs in the Radhi Puran Trust rather than the Family Trust, all proceeds, including this appeal bond, would go to the Radhi Puran Trust. However, if Kamlesh does not succeed, all proceeds, including this bond, would go back to the Radhi Hemlani Family Trust. The Court believes this to be the most equitable solution, and the solution most likely to prevent future conflicts.

## II. No Bond is Necessary for the Current Appeal Because the Rental Proceeds are Gaining Interest

In the Hearing held on March 18, 2025, counsel from both parties discussed whether it would be necessary for Plaintiff to provide another appeal bond for the current appeal before the Guam Supreme Court ("Kamlesh III"). The rental proceeds from the Radhi Puran building are currently being held by Chris Felix, who has invested part of the sum already, and has plans,

upon receiving permission from both parties, to invest nearly all of the remaining rental proceeds. Investment of these funds is producing a 4.3% interest. Counsel for the Family Trust believes this amount is insufficient because the agreement for the previous bond was to provide a 6% interest to the Family Trust.

The agreement of 6% interest on the previous appeal cannot be binding on the current appeal. The pending appeal, Kamlesh III, was not contemplated by the parties at the time the 6% interest appeal bond was set for Kamlesh II. It was up to the Court to decide to dismiss Kamlesh from the case, resulting in the Kamlesh III appeal. The current appeal is completely separate from the previous appeal. The important difference between Kamlesh II and Kamlesh III is that the Kamlesh II bond was necessary because the rental proceeds were not earning any interest at all during the litigation. At this stage, for the timeline of Kamlesh III, the parties have worked out a way for the rental proceeds to accumulate interest while being managed by a third party.

Presumably, the parties have chosen a competent third party who is investing the money to its maximum potential, just as the Family Trust would have done but for this litigation. Therefore, if the investment is generating 4.3%, the Court does not believe would be fair to require Plaintiff to place a bond of the difference between this and the 6% that was provided for the last appeal. The Court sees no established reason to provide the Family Trust with a higher interest rate than it would have obtained but for this litigation. The Court is therefore inclined to agree with the Plaintiff that the established escrow contract fulfills the purpose of the appeal bond, meaning that a bond is not necessary for this appeal. Therefore, the Court will not require Kamlesh to provide an appeal bond to compensate for lost interest on this appeal.

## CONCLUSION

After reviewing the record, relevant law, and arguments from the parties, the Court finds that the Family Trust is entitled to the appeal bond because the bond was provided for the benefit of the Family Trust and the Family Trust was dismissed from the appeal. However, in an effort to prevent further disputes, the Court orders that these funds be placed together with the net rental proceeds at issue in this case at Century 21. Furthermore, the Court finds that an appeal bond is not necessary in the currently pending appeal because there is no danger of either party needing protection or compensation for loss as all the funds are being held by a third party and are currently accruing interest. The Motion for Release of Appeal Bond to the Radhi Hemlani Family Trust is therefore **GRANTED**.

SO ORDERED, this ___4|21|25___ ,

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam